## RUPING v. OREGON SHORT LINE R. CO.

No. 3112. Decided February 9, 1918. (171 Pac. 145.)

1. EVIDENCE—EXPERT—MATTER OF COMMON KNOWLEDGE. That railway spike heads will fly off when struck too hard or when struck a slanting blow is so self-evident that it was error to admit expert testimony to that effect. (Page 482.)

2. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE. Such error was not alone sufficient to require reversal. (Page 482.)

3. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE. In section hand's action for loss of eye when hit by head of spike driven by fellow servant, evidence *held* insufficient to show negligence of the master or fellow servant. (Page 484.)

4. MASTER AND SERVANT—ASSUMPTION OF RISK. In section hand's action for loss of eye when hit by head of spike driven by fellow servant, evidence *held* to show that the injury was one usually incident to the service, and the risk of which was assumed by plaintiff. (Page 484.)

Appeal from District Court of Salt Lake County, Third District; *Hon. George F. Goodwin,* Judge.

Action by C. W. Ruping against the Oregon Short Line Railroad Company.

Judgment for plaintiff. Defendant appeals.

REVERSED and remanded, and new trial granted.

*Geo. H. Smith, J. V. Lyle* and *B. S. Crow* for appellant.

*Willard Hanson* for respondent.

GIDEON, J.

The plaintiff instituted this action to recover compensation for injuries alleged to have been sustained by the negligence of the defendant on or about July 21, 1916. The negligence alleged is that, while the plaintiff and other workmen of the

defendant were engaged in driving spikes on defendant's rail-road at or near Nyssa, Ore., one of the employees of said defendant carelessly struck and drove one of the spikes, hitting the same with such force that the head of the spike was knocked off and flew and hit plaintiff in the eye, causing the loss of the eye and otherwise injuring plaintiff. It is further alleged that at the time the plaintiff was engaged in interstate commerce. Defendant in its answer admits the employment of the plaintiff at the time mentioned, and that he was engaged in the work stated, admits that certain injuries were received by plaintiff, but denies the negligence of defendant. As a further defense it alleged that whatever injuries were received were caused by the carelessness and negligence of plaintiff, and that the cause of such injuries was directly contributed to by the negligent acts and omissions of plaintiff, and that they were in no way caused or contributed to by the negligence of defendant; that the injuries and accident causing the same were the result of dangers usually and ordinarily incident to the service and employment in which plaintiff was engaged; that the said dangers were open to plaintiff's observation, and known to and appreciated by him, or could have been known to and appreciated by him by the exercise of ordinary care; that whatever injuries were recived were the result of the acts and negligence of a fellow servant of the plaintiff. On the issues thus made, trial was held before the court and a jury, resulting in a verdict for plaintiff. The defendant appeals.

It appears from the record that the plaintiff and one Caccia were repairing defendant's railroad track as section men and were, on the day in question, tightening or driving spikes which held the rails to the ties. Such spikes, at the place where the plaintiff was working, had become loosened, were pulled out, and standing, some one-half and other an inch or less, above the tie. It was the duty of plaintiff and his co-work-ers to tighten or drive the spikes so that the heads would come in contact with the rails and hold the same in place. Some ten minutes prior to the accident complained of, plaintiff's fellow workman, Gaccia, had so struck a spike that part of the head thereof was knocked off and passed immediately under plain-

tiff's chin. At that time plaintiff cautioned Caccia to strike the spike a direct blow so that in hitting it he would not strike the spike too hard or in a glancing manner. After having explained to his fellow workman how to drive the spike plaintiff, as stated by him, "kind of watched him there for a few licks, then I started in too. * * * He done it fine." Plaintiff then returned to his work, and was about one-half rail length distant from Caccia when the accident occurred. Plaintiff further testified that at the moment of receiving the blow or instantly thereafter Caccia said, "I did it wrong."

It is admitted on the part of defendant that the plaintiff was engaged in interstate commerce at the time of the injury. This action is therefore prosecuted under the federal Employers' Liability Act.

During the trial an experienced railroad man, one familiar with railroad construction, laying track, etc., was permitted to testify on behalf of the plaintiff as an expert as to the right or proper method to use in driving railroad spikes. At the close of plaintiff's testimony defendant moved the court for a nonsuit, basing that request on the ground that no negligence either of the defendant or its employee had been shown, which motion was overruled by the court.

At the close of the case defendant requested an instruction directing a verdict in his favor, claiming that the injury was the result of the usual and ordinary risk incident to the service in which plaintiff was engaged. The court refused to give that instruction. The admission of the expert testimony, the refusal of the court to grant a nonsuit, and the refusal of the court to direct a verdict in defendant's favor, are all assigned as error.

In effect, the testimony of the expert on behalf of the plaintiff, as well as that offered in rebuttal on the part of the defendant, was that the right and proper way to drive spikes is by a direct and square blow on the head. That is a matter that is self-evident, and any ordinary man would know that as a matter of common knowledge, and is not a question upon which reasonable men would differ. That spike heads or parts thereof are liable to break off even if struck a          1, 2

direct blow is also self-evident. The court for that reason erred in overruling defendant's objection to that testimony. However, that alone would not be sufficient to order a reversal of the case. The further assignments that no negligence was shown on the part of the defendant or its employee, and that the injury was the result of the risk ordinarily incident to the service in which the plaintiff was engaged, are the controlling questions presented on this appeal. It is the contention of the appellant that there is nothing in the testimony showing negligence on its part or on the part of its employee. That the mere fact that the head of the spike flew off and struck plaintiff did not constitute negligence; that in the ordinary manner of doing work of that nature such accidents are likely to happen and do happen without any negligence either on the part of the employer of the employee; that it is likely to happen at any time with the most careful workman, and for that reason is one of the ordinary or usual risks incident to that particular employment. It is further contended that it is a physical impossibility to expect any one in driving railroad spikes, however careful or competent, to at all times strike them a direct blow, and that, even if that were possible, the heads or parts of the same are likely to and do break off and are thrown at times away from the place where the spike is being driven, and any one working near is liable to be injured. It is not claimed that defendant was negligent in employing an unskilled workman. Respondent insists, as I understand his contention, that his fellow workman Caccia struck the spike at the time of the injury a glancing and heavy blow, and that by reason thereof the head flew off and caused the injury, that to drive the spike in place no such force was required and that it was negligence on the part of plaintiff's fellow workman to so strike the spike, and that it was negligence for which the employer is liable. As indicated, the only direct or affirmative testimony tending to show negligence on the part of the defendant or its employee is the statement of the fellow workman, Caccia, at the time of or immediately after the happening of the accident, that ''I did it wrong.'' In his further testimony he stated that he did not know whether he struck

Ruping v. Oregon Short Line R. Co., 51 Utah 480

the spike a direct or glancing blow; that he tried to strike it right or directly on the head.

All the members of this court agree that the district court erred in the admission of the so-called expert testimony. The majority agree that the court should have granted the motion of the defendant for a nonsuit for the reasons stated by appellant, and that at the close of the testimony the **3, 4** court should have granted the defendant's request for a directed verdict for the reasons assigned, namely, that the injury was the result of the ordinary or usual risk incident to that employment, and a risk assumed by the plaintiff when he entered that employment and continued therein.

The writer is of the opinion that there is testimony in the record tending to show that the injury was caused by the negligence of a fellow servant, slight as that testimony may be, that, even if it be admitted that the employment is inherently dangerous, and that accidents may happen and do happen in doing such work in a careful manner, nevertheless, when there is testimony showing or tending to show that the injury resulted, not from the inherent danger of the employment or method or manner of doing the work, but from the negligence of a fellow servant in pursuing that particular method or manner, that it is then a question to be submitted to the jury. *C. & O. R. R.* v. *Proffit,* 241 U. S. 468, 469, 36 Sup. Ct. 620, 60 L. Ed. 1102.

But, as stated, it is the unanimous judgment of the other members of the court that the contentions of the appellant should prevail and the case must therefore be reversed and a new trial granted. There are other assignments of error which, in view of the conclusion reached, it is unnecessary to consider.

Reversed and remanded, and a new trial granted. Neither party to recover costs on this appeal.

FRICK, C. J., and McCARTY, CORFMAN and THURMAN, JJ., concur.